IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHRISTOPHER MICHAEL ARCHIE                                                         PLAINTIFF

V.                                                                          CIVIL ACTION NO. 4:10CV0063-B-V

ACCEPTANCE INDEMNITY INSURANCE
COMPANY                                                                                              DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This declaratory action arises from an incident which occurred on January 29, 2003, at "Club Focus," a night club in Itta Bena, Mississippi, owned by Rosie Meeks Brown. When a patron of the night club fired a gun into the crowd, the security guard on duty, Johnny King d/b/a King Security, returned fire, fatally injuring the shooter but also severely injuring the plaintiff, Christopher Michael Archie, who was rendered a paraplegic by the gunshot he suffered.

Archie sued Brown and King in the Circuit Court of Leflore County, Mississippi, in 2004 but did not name as a defendant Brown's insurance carrier, the defendant in this case, Acceptance Indemnity Insurance Company ("Acceptance"). Acceptance ultimately denied coverage based on an assault and battery/bodily harm exclusion in the insurance contract, and Archie moved the state court for leave to amend his complaint to add Acceptance as a defendant. Archie did not pursue the motion to amend and instead took a default judgment against Brown and King. In 2009 Archie noticed a hearing on the 2005 motion to amend, and the motion was denied. After Archie filed a second motion to amend, the court offered him a choice, stating that

"justice requires the Motion be denied unless Plaintiff desires to cancel the jury trial on damages and 'start over' with the requested amendment." Archie chose not to "start over" and went forward with a jury trial to prove his default damages. On March 11, 2010, the court entered the jury verdict and final judgment in the amount of $12,000,000.00 and $2.00 for punitive damages. No notice of appeal was filed, and no further action was taken in the case.

Archie filed the present declaratory action in Leflore County Circuit Court on April 13, 2010. Acceptance timely removed to this court on May 12, 2010, and the plaintiff has now moved to remand. The plaintiff does not dispute the existence of diversity jurisdiction or the authority granted this court by the Declaratory Judgment Act but instead argues that the court should exercise its discretion to remand on abstention grounds.

## Analysis

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

In deciding whether to adjudicate a declaratory judgment action, a district court must make three inquiries: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). Whether the action is justiciable "[t]ypically . . . becomes a question of whether an 'actual controversy' exists

between the parties to the action." *Orix*, 212 F.3d at 895. The parties in the case sub judice do not dispute this issue.¹ The court thus continues to the next inquiry.

Determining whether the court has the authority to grant declaratory relief involves analysis of three additional factors.

> [A]s a general rule, the district court may not consider the merits of the declaratory judgment action when (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774 (5th Cir. 1993). In *Sherwin-Williams Co. v. Holmes County*, *supra*, the Fifth Circuit found that the district court "properly concluded that it had the authority to decide the declaratory judgment suit [as] [d]iversity jurisdiction was present and the Anti-Injunction Act did not apply because there was no pending state court action between Sherwin-Williams and any of the declaratory judgment defendants." *Sherwin-Williams*, 343 F.3d at 388.

In the present case, the declaratory defendant has not filed a cause of action in state court against the declaratory plaintiff, and the parties contest whether there is a pending state court action at all. The plaintiff asserts that because the state court defendants, Brown and King, could theoretically file a motion in that action to set aside the default judgment against them, the case is still "pending." The defendant relies on the fact that a final judgment has been entered in the case and the time to perfect an appeal has long passed. The court is persuaded by the defendant's position and finds that there is no pending state court action. A final judgment has

---

¹Further, Archie would be unsuccessful were he to contest justiciability. The Fifth Circuit has held that "[w]hether [a] policy provides coverage presents a live controversy." *AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 319 (5th Cir. 2006).

indeed been entered in the case, and no appeal was taken. The possibility that an aggrieved party might file a motion to set aside the default judgment or request other relief is purely hypothetical. The lack of a pending state court action resolves the three-step inquiry under the second *Orix* factor in favor of Acceptance and this court's retention of the case. The court thus turns to the final *Orix* step.

In determining whether to exercise its discretion to decide or dismiss the action, the court is aided by seven nonexclusive factors identified by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). The factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses,
>
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.*

Applying the *Trejo* factors to the present case, the court finds, first, that there is no pending state action in which all of the matters in controversy may be fully litigated. As addressed above, the court is unpersuaded by the plaintiff's argument to the contrary, and the

4

court considers the state tort action no longer pending. "[T]he lack of a pending parallel state proceeding . . . is a factor that weighs strongly against dismissal." *Sherwin-Williams*, 343 F.3d at 394. Further, Acceptance was never a defendant in the state action, and the issue of insurance coverage did not arise.

Second, Acceptance did not file this suit, is not a declaratory plaintiff, and therefore cannot be said to have filed in anticipation of a lawsuit filed by Archie. Archie filed this action as well as the state tort suit and chose the order in which the two cases would proceed. This second factor weighs in favor of retaining the action.

Third, the court finds that Acceptance has not engaged in impermissible forum shopping. Even if Acceptance were the plaintiff and not the removing defendant and had filed this declaratory action first and in anticipation of the plaintiff's state action, the second and third *Trejo* factors would not necessarily weigh against it. In *Sherwin-Williams*, where the declaratory plaintiff brought suit against Mississippi defendants in Mississippi federal court, the Fifth Circuit found no impermissible forum shopping in part because "the selection of the federal forum in this case did not change the law that would apply . . . ." *Id.* at 399. *See also Burlington Ins. Co. v. Puri*, 436 F. Supp. 2d 832, 835 (S.D. Miss. 2006) (finding declaratory plaintiff had "not engaged in improper forum shopping merely by filing a declaratory action in federal court availing itself of diversity jurisdiction"). As in *Sherwin-Williams*, Mississippi substantive law applies in both the case sub judice and the state action.

Fourth, the court finds no inequities related to the gaining of precedence in time or forum selection. Archie chose not to make Acceptance a defendant in his original state complaint and, for tactical reasons, abandoned his later attempts to amend the complaint and add Acceptance as

5

a defendant. Another Mississippi court has held accordingly under similar facts. In *Union Ins. Co. v. Nunnery*, 2009 WL 1421055, at *3 (S.D. Miss. 2009), the court found no inequities in a federal court determining coverage where the plaintiff had failed to join the insurance carrier as a party in the underlying state tort action.

Fifth, the court finds that the federal court is as convenient a forum as Leflore County Circuit Court because none of the parties reside in Mississippi. Leflore County is not an unreasonable distance from the county in which this court sits; thus its location would make little difference in terms of convenience.

Sixth, retaining this suit in federal court will serve the purposes of judicial economy as no other pending action exists in which the issue of coverage may be adjudicated. "[T]herefore, efficiency supports determining the parties' rights under the policy." *Id.* at *4.

Seventh, there is no parallel state action between the same parties, and this court has not been called on to construe a state judicial decree. As addressed above, the state court action is no longer pending, and Acceptance was never brought into that litigation in the first instance. This final factor thus weighs in favor of retaining the case.

Conclusion

Applying the *Orix* and *Trejo* factors to the facts and procedural history of this case and the state suit, the court finds that it should retain jurisdiction and decide this declaratory judgment action. The plaintiff's motion to remand shall be denied. A separate order in accord with this opinion shall issue this day.

This, the 29th day of February, 2012.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**