IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHRISTOPHER MICHAEL ARCHIE                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:10CV0063-B-V

ACCEPTANCE INDEMNITY INSURANCE
COMPANY                                                                             DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

This declaratory action arises from an incident which occurred on January 29, 2003, at "Club Focus," a night club in Itta Bena, Mississippi, owned by Rosie Meeks Brown. When a patron of the night club, Alonzo Hemphill, fired a gun into the crowd, the security guard on duty, Johnny King d/b/a King Security, returned fire, fatally injuring Hemphill but also severely injuring the plaintiff, Christopher Michael Archie, who was rendered a paraplegic by the gunshot he suffered.

Archie sued Brown and King in the Circuit Court of Leflore County, Mississippi, in 2004 but did not name as a defendant Brown's insurance carrier, the defendant in this case, Acceptance Indemnity Insurance Company ("Acceptance"). Acceptance ultimately denied coverage based on an assault and battery/bodily harm exclusion in the insurance contract, and Archie moved the state court for leave to amend his complaint to add Acceptance as a defendant. Archie did not pursue the motion to amend and instead took a default judgment against Brown

and King. After a trial to determine damages, the state court entered a jury verdict and final judgment in the amount of $12,000,000.00 and $2.00 for punitive damages on March 11, 2010.

Archie filed the present declaratory action in Leflore County Circuit Court on April 13, 2010. Acceptance timely removed to this court on May 12, 2010, and the plaintiff moved to remand on abstention grounds. The court denied the motion to remand and now examines the defendant's summary judgment motion.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."

*Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

## Analysis

The assault and battery exclusion in the insurance contract at issue here provides as follows:

> ASSAULT AND BATTERY EXCLUSION
> It is agreed that the insurance does not apply to Bodily Injury, including death, and/or Property Damage arising out of assault and/or battery or out of any act or

3

> omission in connection with the prevention of[1] suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

The plaintiff argues that the assault and battery exclusion is inapplicable because the plaintiff's injuries were proximately caused by "reckless disregard" and not assault and battery; that the policy is ambiguous and must therefore be construed against the defendant; and that the plaintiff's underlying complaint alleges claims of premises liability and negligent hiring, which are not excluded by the policy.

"[A]ssault is committed where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." *Coleman v. Acceptance Indemnity Ins. Co.*, 2009 WL 1873742, at *4 (S.D. Miss. 2009), *aff'd* 2010 WL 924889 (5th Cir. 2010). "A 'battery' goes beyond 'assault,' and in addition to the requirement [of] the element of intent, there is also the requirement that a harmful contact actually occur." *Id.*

In the case sub judice, Archie alleges that Hemphill fired into the crowd, and King "was returning fire from Hemphill" when a bullet, apparently from King's gun, struck Archie. In accordance with the definition above, two assaults occurred, as Hemphill intentionally shot multiple times inside a crowded night club, and King intentionally returned fire, killing Hemphill and injuring the plaintiff. Whether Hemphill fired directly at an individual or randomly into the crowd, as the plaintiff asserts, it would appear he intended to cause "imminent apprehension" of

---

[1]The plaintiff argues that the use of the word "of" where it appears "or" was intended creates an ambiguity in the contract. This matter is addressed below.

harmful contact to another person or persons.  Even if Hemphill only intended to frighten other patrons without shooting directly at anyone in particular, the intent and "imminent apprehension" elements would be met, and thus the definition for assault would be satisfied.  The court finds these elements present as to Hemphill's shooting; but even assuming arguendo that Hemphill's actions arise only to the level of reckless disregard, as urged by the plaintiff, the court must likewise consider King's shooting, which was to "return[] fire from Hemphill."  It is uncontested that King intended to return fire and that he did not do so accidentally.  In returning fire, at the very least he intended to cause imminent apprehension of harmful contact to Hemphill.  There could be no other reason for returning fire; no other reason has been offered; and no reasonable juror could find otherwise.  Ultimately, King did cause harmful contact to Hemphill and therefore committed assault *and* battery.

Because of the broad "arising out of" language in the assault and battery exclusion, there is no requirement that the plaintiff be the intended victim of the assault and/or battery.  "The Fifth Circuit has held that the words 'arising out of,' when used within an insurance policy, are 'broad, general, and comprehensive terms effecting broad coverage.'" *Coleman*, 2009 WL 1873742, at * 4 (quoting *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951)).  "A claim need only bear an incidental relationship to the described conduct for the exclusion to apply." *Id.* (quoting *Scottsdale Ins. Co. v. Texas Security Concepts and Investigation*, 173 F.3d 941 (5th Cir. 1999)).  Further, the Fifth Circuit has rejected the "innocent bystander" argument in a factually similar context to that of the case at bar.  In *Coleman v. Acceptance Indemnity Ins. Co.*, 369 Fed. Appx. 595 (5th Cir. 2010), the Fifth Circuit affirmed the district court's ruling granting summary judgment in favor of the defendant insurer.

5

The United States District Court for the Southern District of Mississippi, applying Mississippi law, had found that the assault and battery exclusion in the insurance policy at issue there resulted in no coverage for a premises owner's liability arising out of a gun fight in a Yazoo City, Mississippi night club. *Coleman*, 2009 WL 1873742, at *5. In affirming the district court's ruling and rejecting the plaintiff's "innocent bystander" argument, the Fifth Circuit stated as follows:

> The Colemans essentially argue that Turner was not involved in the altercation, and that there has been no showing that any individual had tortious intent to place Turner – or anyone else – in imminent apprehension of harm or to cause injury. But Turner's involvement *vel non* in the altercation is immaterial to the applicability of the Exclusion. Coverage is not barred solely for those claims asserted by victims or instigators of an assault or battery. Instead, the policy bars coverage for "*any* claims *arising out of* Assault and Battery or out of any act or omission in connection with the prevention or suppressions of such acts."

*Coleman*, 369 Fed. Appx. at 597.

As the defendant asserts, the material aspects of *Coleman* are virtually identical to those of the present case, though the court notes one factual exception. The Assault and Battery Exclusion in *Coleman* reads differently than the exclusion set forth above. The *Coleman* exclusion states as follows:

> It is agreed that this policy does not cover any claims arising out of Assault and Battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons. Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing are not covered. Furthermore, we shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

*Coleman*, 2009 WL 1873742, at *1.

The plaintiff asserts that this difference distinguishes *Coleman* from the present case. The court, however, finds no meaningful differences between the exclusion at issue here and the

6

one at issue in *Coleman*. The plaintiff directs the court's attention to the negligent hiring clause present in *Coleman* and absent from this case, but this clause adds nothing substantive to the exclusion because the preceding language – present in both cases, though worded slightly differently – is so broad. As the court stated in *Cullop v. Sphere Drake Ins. Co.*, 129 F. Supp. 28 981, 983 (S.D. Miss. 2001), "Simply put, the claim of Plaintiff arose out of assault and battery. The policy clearly excludes any claims arising out of assault and battery while on the premises insured regardless of by whom made and for whatever reasons." The *Cullop* court held that the bar owner was without coverage where an off-duty employee attacked the plaintiff, a nightclub patron, despite "[t]he plaintiff's attempts to allege other negligent acts which caused or contributed to his injuries," finding those attempts, "disingenuous." *Id. See also Doe v. Sharma*, 2010 WL 1234528 (S.D. Miss. 2010) (plaintiff's injuries from being raped and beaten at defendant's supermarket excluded by assault and battery exclusion despite plaintiff's premises liability theory because claims "arose out of" or "resulted from" assault and battery). Likewise, this court finds that the plaintiff's negligence claims, including negligent hiring and premises liability, arose out of assault and battery and are therefore excluded from coverage under the policy. Again, the "claim need only bear an incidental relationship to the described conduct for the exclusion to apply." *Coleman*, 2009 WL 1873742, at * 4.

Further, the court finds no ambiguity in the contract. The plaintiff makes much over an obvious typographical error in the assault and battery exclusion: "in connection with the prevention **of** suppression of such acts." The plaintiff asserts that "the plain and ordinary meaning of 'prevention of suppression of such acts' would be that the policy does not cover bodily injury arising out of someone stopping the restraining of an assault and/or battery" and

7

argues "[i]f that is the case, Plaintiff's injury would certainly be covered under the subject policy, as Defendant argues that Johnny King was in the process of attempting to prevent an assault and/or battery, not attempting to prevent someone from stopping the assault and/or battery." The plaintiff's argument, however, ignores the phrase "arising out of assault and/or battery." This broad language produces the same result – exclusion from coverage – whether the conduct at issue prevents the suppression of the assault and/or battery or prevents *or* suppresses the assault and/or battery, and it is this language which ultimately renders any arguable ambiguity meaningless. Regardless of King's intentions – whether to suppress or prevent the suppression – the plaintiff's bodily injury and resulting claims arose out of an assault and battery. The plaintiff's argument also ignores the fact that two assaults occurred at Club Focus. Despite whether King was attempting to prevent or suppress Hemphill's assault or prevent the suppression of it, Hemphill's assault must be considered. The bodily injury at issue could be said to have arisen from Hemphill's assault the same as from King's, even though it was King's bullet which ultimately caused the plaintiff's injuries.

## Conclusion

For the foregoing reasons, the court finds that the defendant is entitled to judgment as a matter of law. A separate order in accord with this opinion shall issue this day.

This, the 14th day of May, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**